### LEDBETTER *v.* REESE.

PER CURIAM. G. S. Reese instituted quo warranto proceedings against A. W. Ledbetter. The information, among other things, alleged that the plaintiff was appointed, by the commissioner of agriculture, as oil inspector at Rome, for a term beginning October 1, 1916, and to continue two years, and that Ledbetter has usurped the office, and is assuming the duties and receiving the compensation therein. The respondent answered that if the plaintiff entered upon the discharge of the duties of the office, he did so without qualifying; that he has never given bond, and an order has been passed revoking his appointment; that the plaintiff was notified of this order, and on the next day the respondent was appointed, duly qualified, gave bond, and is performing the duties of the office. The respondent demurred to the petition generally, and specially upon the ground that it did not allege that the plaintiff ever filed bond, or took the oath of office, as required by law. The plaintiff moved that the court enter a judgment in his favor upon the petition and the admissions contained in the answer, upon the ground that no sufficient defense was set up. Considering the case upon the pleadings, the court overruled the demurrer and passed an order finding in favor of the plaintiff. To this ruling the respondent excepted. *Held:*

1. The court did not err in overruling the demurrer.

2. While the judgment of the trial court is not a judgment in terms striking the response of the defendant on general demurrer, it is equivalent thereto. It is an adjudication that the response of the defendant, all matters well pleaded being taken as true, did not show title to the office. It is true that on the trial of such an issue the burden is on the respondent; but testing the sufficiency of the answer on the motion for judgment, it showed, first, that a vacancy occurred by reason of the ousting of the plaintiff; and second, that the defendant had been duly appointed and commissioned, had given bond, and was performing the duties of the office. The response did not allege in detail the facts upon which the order ousting the plaintiff was based, but on general demurrer it must be assumed that it was based upon sufficient facts.

Failure to allege such facts to show the validity of the order.declaring the office held by the plaintiff vacant, in this proceeding, does not amount to an admission that they were not in evidence before the commissioner, who is presumed to have performed his duty. There was no special demurrer calling for more detailed information in this respect.

3. For the reasons stated the judgment of the court below was erroneous.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 353.    FEBRUARY 22, 1918.

Quo warranto.    Before Judge Wright.    Floyd superior court. April 28, 1917.

*H. H. Dean* and *Max Meyerhardt,* for plaintiff in error.

*M. B. Eubanks,* contra.